UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GENETTE COLON and ELVIMAR RIVAS,　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiffs,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　12cv7405 (HB)
　　　　　- against -　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　**OPINION & ORDER**
FASHION INSTITUTE OF TECHNOLOGY　　　　　:
(STATE UNIVERSITY OF NEW YORK),　　　　　:
LAURA SOLOMON, in her corporate capacity :
as FIT's AVP for Human Resources and Labor :
Relations, COLETTE WONG, in her corporate :
capacity as chair of FIT's Fashion Design Dept. :
and in her individual capacity, LINDA　　　　:
MUGLIA, in her corporate capacity as　　　　:
Supervisor of FIT's Fabric/Finding Room and in :
her individual capacity, and CARMELA　　　　:
SPERANZA, in her corporate capacity as　　　:
Administrative Associate at FIT and in her　　:
individual capacity,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendants.　　　　　　　　　　　　:
------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:[1]**

After prevailing in a jury trial before this Court, Defendants Fashion Institute of Technology ("FIT"), Laura Solomon, Colette Wong, Linda Muglia and Carmela Speranza (collectively, "Defendants") filed a Bill of Costs, which was entered, without objection, by the Clerk of Court. Plaintiffs Genette Colon and Elvimar Rivas ("Plaintiffs") subsequently moved to enlarge the time to object to Defendants' Bill of Costs and reverse the Clerk's award to Defendants pursuant to Federal Rules of Civil Procedure 6(b) and 54(d)(1). For the following reasons, Plaintiffs' motion is GRANTED in part and DENIED in part.

## BACKGROUND

On November 18, 2013, Plaintiffs' counsel was served with notice that a hearing on Defendants' Bill of Costs would take place on December 11, 2013. *See* Santos Aff. Ex. A. However, Plaintiffs' counsel neither appeared for the hearing nor attempted to file objections

---

[1] Heather Bristol, a second-year law student at Brooklyn Law School and a Spring 2014 intern in my Chambers, provided substantial assistance in researching and drafting this opinion.

until two hours after the hearing. Def.'s Reply Mem. at 1; Pl.'s Mem. at 3. Plaintiffs' counsel states that he was unable to make timely objections "due to having car battery problems that were beyond [his] control." Pl.'s Mem. at 3. On December 19, 2013, eight days after the hearing, this motion was filed. Pl.'s Mem. at 1.

Plaintiffs seek reversal of the Clerk's award of $10,762.48 in costs to Defendants. *See* Dckt. No. 67. 12/11/2013 Bill of Costs ("Bill of Costs"). The Clerk taxed costs of $9,152.21 for transcripts and $1,610.27 for "exemplification and copies of papers necessarily obtained for use in the case." *Id*. Specifically, this appears to include $3,325.55 for transcripts of Plaintiffs' depositions, Santos Aff. Ex. A at 7-9, $5826.66 for expedited trial transcripts,[2] $727.29 for copying services, *id.* at 6, and $882.98 for the retrieval of medical records, *id.* at 15-17.

### DISCUSSION

#### A. Enlargement of Time for Objection and Review of Costs

After the Clerk of Court assesses costs other than attorney's fees, a court may "review the clerk's action" if a party files a motion within seven days. Fed. R. Civ. P. 54(d)(1). A Court may extend a filing deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's neglect is excusable, a district court should take into account: [1][t]he danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004)(internal citation and quotation omitted). A finding of excusable neglect is permissible when a party's failure to meet deadlines is due to "an act of God or some other circumstances beyond [his] control." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993). Excusable neglect is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of movant." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. at 392.

---

[2] The Bill of Costs indicates that, while Defendants originally requested $10,848.01 for transcripts, the Clerk taxed only $9,152.21, though it is not entirely clear which transcript costs were not taxed. The invoices for deposition transcripts come to $3,325.55, *see* Ex. A to Santos Aff. at 7-9, consistent with Defendants' explanation. The sum of the invoice totals for trial transcripts comes to $7522.46. *See* Ex. A to Santos Aff. at 10-14. These amounts together come to $10,848.01, the amount originally requested by Defendants for all transcripts. Since both the invoice totals for deposition transcripts and Defendants' reply indicate the same amount for deposition transcripts, I surmise that the clerk declined to assess a portion of Defendants' requested costs for trial transcripts.

Here, Plaintiffs' counsel missed two deadlines. He first failed to file a timely objection to the Bill of Costs, only attempting to file his objections two hours after the hearing had concluded. Pl.'s Mem. at 3. He then filed Plaintiffs' motion to enlarge the time to object to the Bill of Costs eight days from the entry of the Bill of Costs, rather than the seven days required by Federal Rule of Civil Procedure 54. *See* Dckt. Nos. 67 & 71; *see also* Fed. R. Civ. P. 54(d)(1). However, notwithstanding these delays, and considering the relevant factors, I will grant Plaintiffs' request for an enlargement of time. Plaintiffs' counsel's delays have not significantly prejudiced Defendants. Further, both delays were relatively brief, each being one day or less beyond the prescribed deadline. Indeed, both delays were shorter than other delays permitted by district courts in this circuit. *See, e.g., LoSacco v. City of Middletown*, 71 F.3d 88, 90, 93 (2d Cir. 1995)(filing for bill of costs permitted nine days after deadline). Plaintiffs' counsel's explanation that car trouble prevented his timely objection may be a reasonable cause for delay. *See id.* at 90, 93 (tardy bill of costs filing permitted when delay was due to honeymoon). I also see no reason to believe that Plaintiffs' counsel acted in bad faith.

### B. Objections to Defendants' Bill of Costs

#### 1. Trial Transcripts

"The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable." U.S.Dist.Ct.Rules S.&E.D.N.Y., Civ. R. 54.1(c)(1). However, "[c]onvenience of counsel is not sufficient" to justify the taxing of costs for trial transcripts. *Id*. Whether or not to award costs "rests within the sound discretion of the district court," *LoSacco*, 71 F.3d at 92, and the "burden is on the prevailing party to establish . . . that the taxation of costs is justified." *John G. v. Board of Educ. of Mount Vernon Public Schools*, 891 F.Supp. 122, 123 (S.D.N.Y. 1995). When trial transcripts are used in post-trial motions, the Court may find that the transcripts were "necessarily obtained," and thus taxable. *Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09 Civ. 8685(HB), 2011 WL 2848644 at *2 (S.D.N.Y. Jul. 18, 2011).

Here, although the trial was not particularly long or complicated, Defendants used the trial transcripts in making a motion for judgment as a matter of law. Thus, they were "necessarily obtained." However, the costs of extra services in addition to the transcripts, such as RealTime transcription, are not taxable. *See Farberware,* 2009 WL 5173787 at *6. It appears that the Clerk already deducted $1695.80 in RealTime costs from Defendants' initial request, but did not

3

deduct one invoice reflecting RealTime costs of $384.30.[3] *See* Bill of Costs, Dckt. No 67; Santos Decl. Ex. A at 10-14. Accordingly, the Clerk's award of trial transcript costs is upheld, less a deduction of $384.30 for RealTime transcription, for a total of $5,422.36.

### 2. Deposition Transcripts

"Unless otherwise ordered by the Court, the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." U.S.Dist.Ct.Rules S.&E.D.N.Y., Civ. R. 54.1. Evidence that "transcripts were used for impeachment during trial" is sufficient. *Ferrostaal, Inc. v. M/V Tupungato*, 2008 WL 2796644 at *1. Here, Plaintiff does not dispute that both Plaintiffs' deposition transcripts were used for impeachment during trial. *See* Pl.'s Mem. at 4-5. Thus, the Clerk's award of $3,325.55 for deposition transcripts is upheld.

### 3. Copies of Exhibits

"A copy of an exhibit is taxable if the original was not available and the copy was used or received in evidence." U.S.Dist.Ct.Rules S.&E.D.N.Y., Civ. R. 54.1(c)(5). However, "[t]he cost of copies used for the convenience of counsel or the Court are not taxable." *Id.* A party seeking costs for copies must provide details as to which exhibits were copied and how they were used at trial. *Natural Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 0384(GBD)(RLE), 2009 WL 2424188, *8 (S.D.N.Y. Aug. 6, 2009). During trial, I allowed copies of Plaintiffs' evaluations "which both sides were anxious for the jury to see" to be distributed to the jury. Tr. 544:10-11. Thus, the Clerk's award of $727.29 attributed to copies was appropriate.

### 4. Medical Records

Plaintiffs seek reversal of the costs for the retrieval of medical records, totaling $882.98, Santos Aff. Ex. A at 15-17. At trial, Defendants stated that these records were produced by Plaintiffs during discovery. Tr. 377:6-9; 20-22. Because Plaintiff produced these records during discovery and there was no allegation that they were inaccurate, Defendants' retrieval of new copies of those records was not necessary for use at trial *See Karmel v. City of New York*, 2008 WL 216929 at *5. Thus, the Clerk's award in the amount of $882.98 may not stand.

---

[3] The Clerk did not indicate the specific reason for the deduction of transcript costs on the Bill of Costs. *See* Bill of Costs, Dckt. No. 67. However, the difference between the amount originally requested by Defendants and the taxed amount is equal to the cost of RealTime services for the first four trial transcript invoices, suggesting that the Clerk deducted those costs, while leaving RealTime costs for the final trial transcript invoice. *See* Santos Decl. Ex. A at 10-14.

## CONCLUSION

      I have considered the parties remaining arguments and find them meritless. For the foregoing reasons, Plaintiffs' motion is GRANTED in part and DENIED in part. It is hereby ordered that previously taxed costs of $10,762.48 be reduced to $9,475.20. The Clerk of Court is instructed to close this motion and remove it from my docket.

**SO ORDERED.**

_____, 2014
**New York, New York**

                                          _____
                                              **Hon. Harold Baer, Jr.**
                                                    **U.S.D.J.**

## CONCLUSION

I have considered the parties remaining arguments and find them meritless. For the foregoing reasons, Plaintiffs' motion is GRANTED in part and DENIED in part. It is hereby ordered that previously taxed costs of $10,762.48 be reduced to $9,475.20. The Clerk of Court is instructed to close this motion and remove it from my docket.

SO ORDERED.

_5/15_, 2014
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.